*E-Filed 8/24/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL ANTHONY GONZALEZ, | No. C 11-3597 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| RANDY GROUNDS, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner seeks to have a prison disciplinary decision adjudged unconstitutional and the decision expunged from his prison file. Respondent moves to dismiss on grounds that the action is moot. For the reasons stated herein, respondent's motion is GRANTED, and the action is DISMISSED.

## DISCUSSION

The following facts are undisputed. Petitioner is a state prisoner serving a 33-year determinate sentence. He will be released on parole after he has served his 33-year sentence, unless it is reduced by good time credits. Petitioner lost 30 days of good time credit in July 2009 owing to a prison disciplinary decision. These 30 days were restored to him after a period of good behavior.

United States District Court
For the Northern District of California

Respondent asserts that the petition should be dismissed as moot because there is no relief the Court can grant. First, the length of his sentence remains unchanged, the credits having been restored. So, a finding that the disciplinary hearing was constitutionally erroneous will not affect the duration of petitioner's confinement. Second, his disciplinary record is irrelevant to his chances of being paroled as he is not subject to parole until he has served his 33-year sentence. So, a finding in petitioner's favor would not affect his parole eligibility.

Petitioner, however, claims that there will be collateral consequences arising from having this disciplinary decision in his prisoner file. He alleges that the CDCR's current effort to reduce California's prison population makes his disciplinary record significant to his chances of early release. Petitioner asserts that "California has passed numerous statutes which will reduce the amount of time a prisoner under a determinate term of commitment will have to serve." His record, then, will have "a significant impact on the determination of the CDCR whether [p]etitioner will qualify" for a reduction in the time he will serve.

The law and the facts do not support petitioner's claims. The presumption of collateral consequences that is applied to criminal convictions does not extend to prison disciplinary proceedings. *Wilson v. Terhune*, 319 F.3d 477, 481 (9th Cir. 2003). A prisoner seeking to challenge prison disciplinary proceedings in habeas must demonstrate that continuing collateral consequences exist if the punishment imposed as a result of the disciplinary action has expired. *See id.* Allegations that a rules violation finding will affect classification, institutional and housing assignments, privileges, and may result in a delay or denial of parole, involve discretionary decisions too speculative to constitute sufficient proof of collateral consequences. *See id.* at 481–82. Petitioner's allegation that his sentence might be reduced pursuant to laws he fails to name (or to show that he qualifies for relief under such laws) is too speculative to constitute proof of collateral consequences.

1  An action becomes moot when "it no longer present[s] a case or controversy under
2  Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  In order to
3  satisfy the case-or-controversy requirement, the parties must have a personal stake in the
4  outcome of the suit throughout "all stages of federal judicial proceedings." *United States v.*
5  *Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001).  A habeas petition challenges the validity or
6  length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Because there is no
7  relief this Court can give that would affect the validity or length of his confinement,
8  petitioner has no personal stake in the outcome of this suit, which is therefore moot.
9  Accordingly, the action will be dismissed.

## CONCLUSION

Respondent's motion to dismiss (Docket No. 8) is GRANTED, and the action is hereby DISMISSED.  The Clerk shall terminate Docket No. 8, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED: August 23, 2012

RICHARD SEEBORG
United States District Judge